UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JENNIFER PAWLACZYK,

                        Plaintiff,                        Case No. 14-cv-10983

v.                                            Honorable Thomas L. Ludington

BESSER CREDIT UNION,

                        Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE
PLEADINGS, DISMISSING COUNTS 2 AND 3 OF PLAINTIFF'S COMPLAINT, AND
DENYING DEFENDANT'S MOTION TO COMPEL AS MOOT**

Plaintiff Jennifer Pawlaczyk, Vice President of Operations-Lending/Assistant Manager at

Defendant Besser Credit Union ("Besser") since January 10, 2011, filed a complaint initiating

this case on March 6, 2014. Pawlaczyk includes three counts in her complaint against Defendant

Besser Credit Union ("Besser"). First, she alleges that her dismissal on April 25, 2013 violated

Title VII, 42 U.S.C. 2000, *et seq*, because it was retaliation for Plaintiff's opposition to

Defendant's allegedly unlawful hiring practices. ECF No. 1. Pawlaczyk alleges that she was fired

because she told Besser CEO Nancy Montie that attaching notes to "the applications of new

employees to identify these employees by demographics . . . [was] inappropriate and illegal" and

because she "opposed Montie's hiring practice of hiring based on gender" when "Montie

expressed her interest in a lesser qualified male applicant over a more qualified female

applicant." *Id*.

Next, she alleges that Defendant violated the Michigan Whistleblowers Protection Act,

MCL § 15.361, when it dismissed Pawlaczyk for her whistleblowing. Plaintiff claims she was

fired in part because she notified auditors about forged signatures uncovered during an audit[1] and in part because she reported, or was about to report, "that Nancy Montie removed an appliance and flowers from repossessed homes owned by the Besser Credit Union." ECF No. 1, Pl. Compl. at 3. Lastly, she claims Defendant committed the tort of public disclosure of embarrassing private facts when Defendant's CEO emailed other credit union CEOs to inform them that Pawlaczyk was no longer employed by Besser.

Besser answered the complaint on April 3, 2014. It moved for judgment on the pleadings on July 23, 2014. ECF No. 12. In its motion it seeks dismissal of counts 2 and 3 of Pawlaczyk's complaint. Besser asserts that count 2 is barred by the statute of limitations and that, under Federal Rule of Civil Procedure 12(b)(6), Pawlaczyk's count 3 does not state a claim on which relief may be granted.

On August 28, 2014, Besser also filed a motion to compel discovery responses. ECF No. 14. The motion contends that Pawlaczyk failed to timely respond to interrogatories and requests for documents. Besser requests that "this Court enter an Order requiring Plaintiff: 1. Provide a Response to Defendant's First Request for Production of Documents consistent with the Federal Rules of Civil Procedure and Local Rules; and 2. Provide Initial Rule 26(a) Disclosure to Defendant within fourteen (14) days." ECF No. 14, Pl. Mot. at 3.

Pawlaczyk responded to both motions. In response to the motion to dismiss she conceded that her Michigan Whistleblowers Protection Act claim is time-barred by the statute of limitations. ECF No. 15, Pl. Resp. Br. at 1. As a result, that claim will be dismissed. She further responded that her tort claim should not be dismissed because "she has plead [sic] a viable claim in Court 3 [sic] that needs Rule 56 evidence to decide." *Id*. Contrary to this assertion, the

---

[1] Plaintiff does not indicate in her complaint to what documents these signatures were affixed, or how or why the signatures were relevant to the audit.

pleadings are sufficient to address Defendant's motion. Count 3 of Pawlaczyk's complaint will be dismissed. In response to the motion to compel, Pawlaczyk asserts that the motion is moot because Besser has received all relevant discovery it requested. ECF No. 18, Pl. Resp. Br. at 1.

## I.

Pawlaczyk was hired by Defendant Besser Credit Union in January 2011 as an Assistant Manager. ECF No. 1, Pl. Compl. at 1. Prior to being hired by Besser, Pawlaczyk had 18 years of experience working for credit unions. A number of Pawlaczyk's years of employment were in management positions. *Id*. at 2.

## A.

In April, 2013, Pawlaczyk was assisting the CEO of Besser, Nancy Montie, in reviewing employment applications. *Id*. During the review process, Pawlaczyk alleges, Montie "placed stickie [sic] notes on employment applications and/or wrote in the margins on the application of new employees to identify these employees by demographics." *Id*. Pawlaczyk informed Montie that such a system "was inappropriate and illegal." *Id*. Plaintiff also alleges that the hiring process culminated in the CEO selecting "a lesser qualified male applicant over a more qualified female applicant" simply on the basis of gender preference. *Id*. Plaintiff "again opposed Montie's hiring practice of hiring based on gender." *Id*.

Plaintiff contends that she faced a series of adverse employment actions as a "result of [her] opposition to defendant's hiring practice." *Id*. That is: "she was not promoted to CEO[,] . . . was denied an enhanced 457B pension plan that she requested from defendant[,] . . . [and] was terminated from defendant credit union." *Id*.

**B.**

According to Pawlaczyk, Besser was undergoing a Supervisory Committee audit in October 2012. *Id.* at 3. Plaintiff alleges that at that audit, forged signatures were uncovered and she "informed the auditors that one of the forged signatures that was [sic] uncovered was the CEO's Nancy Montie."[2] *Id.* Ms. Montie was allegedly written up for the infraction. *Id.* Pawlaczyk also alleges that "[t]he forged signatures cause [sic] trouble for Besser Credit Union[.]" *Id.*

Plaintiff also claims "that Nancy Montie removed an appliance and flowers from repossessed homes owned by the Besser Credit Union." *Id.* Pawlaczyk asserts that "[t]hese acts were reported or about to be reported by the plaintiff to authorities." *Id.* It is Pawlaczyk's contention that the acts of reporting Montie's forged signature to the auditors and reporting, or threatening to report, Montie's removal of items from a repossessed home led to her termination. *Id.*

**C.**

Pawlaczyk claims that following her termination Ms. Montie "sent out emails to other CEOs indicating the plaintiff was no longer working for the Besser Credit Union." *Id.* at 4. Plaintiff contends that "[t]he sending out of emails gave plaintiff's termination undue publicity of a private matter[.]" *Id.* This publicity has, it is alleged, resulted in harm to Plaintiff, "including being unable to find new employment in her field." *Id.* Perplexingly, Plaintiff did not attach the email in question to any of her pleadings or briefs regarding the motion to dismiss. Defendant

---

[2] As noted above, Plaintiff does not provide specific information on this claim. She does not explain who forged what signatures; what the relevance of the signatures were; who uncovered the forgeries; and what documents were signed with forged signatures. Her allegation begins and ends with the claims that "9. In October 2012 during a Supervisory Committee audit plaintiff informed auditors that one of the forged signatures that was uncovered was the CEO's Nancy Montie. 10. Nancy Montie was written up for the infraction. 11. The forged signatures cause trouble for Besser Credit Union, putting the bond held by CUNA in Jeopardy, thereby in violation of NCUA regulation [sic throughout]." ECF No. 1, Pl. Compl. at 3.

claims not to have retained possession of the email in question and so also did not attach the email to its pleadings or motion.[3]

**D.**

On April 1, 2014, Defendant initiated discovery by serving Plaintiff with a "First Set of Interrogatories and First Set of Request [sic] for Production of Documents." ECF No. 14, Def. Mot. at ¶2. Defendant contends that "[p]ursuant to Fed. R. Civ. P. Rules 33 and 34, responses to those discovery requests were due thirty (30) days later, or April 30, 2014." *Id*. Defendant alleges that the responses to those requests were not timely and were not in the form required by Federal Rule of Civil Procedure 33 and Local Rule 26.1. *Id*. at ¶3.

Plaintiff sent Defendant proper responses to the interrogatories on July 31, 2014. *Id*. at ¶4. Yet Plaintiff's Response to Request for Production of Documents and Plaintiff's Rule 26(a) initial disclosures were still outstanding. On August 19, 2014, at Plaintiff's deposition, "counsel for Defendant was handed a pile of papers. There was no written response to the request for production of documents as required by Fed. R. Civ. P. 34(b)(2) and L.R. 26.1." *Id*. at ¶5.

---

[3] The email in question was attached as an exhibit to Plaintiff's response to Defendant's motion to compel. Rule 12(b)(6) motions must typically be limited to consideration of the pleadings or converted to a motion for summary judgment under Federal Rule of Civil Procedure 12(d). *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 487 (6th Cir.2009). However, the Sixth Circuit has held that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997).

But in addition to the general rule—that a document must be referred to in the complaint and central to the claim—the Sixth Circuit has permitted courts to take judicial notice of some documents of public record. *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005). For example, a court may take judicial notice of other court proceedings, including transcripts. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010). However, taking judicial notice of documents has been limited to allow only "the use of such documents . . . for the fact of the documents' existence, and not for the truth of the matters asserted therein." *Passa*, 123 F. App'x at 697 (collecting cases).

Indeed, judicial notice of public records may only be taken for those records "whose existence or contents prove facts whose accuracy cannot reasonably be questioned." *Id*. That is, the Court "must only take judicial notice of facts which are not subject to reasonable dispute." *Id*. "When considering public documents in the context of a motion to dismiss, a court may not accept a document to decide facts that are in dispute." In re Cardinal Health Inc. Sec. Litig., 426 F. Supp. 2d 688, 713 (S.D. Ohio 2006). Thus, the Court should not consider evidence beyond the pleadings. The email in question, however does not contradict Pawlaczyk's description of the contents and recipients of the email. So even if the Court were to address this motion to dismiss as a Rule 56 motion for summary judgment, the outcome would be the same.

Defendant contends that "the parties were required to exchange initial Rule 26(a) disclosures by May 12, 2014." *Id.* at ¶6. According to Defendant, Plaintiff had, at the time Defendant filed its motion, provided some Rule 26(a) information but "the disclosure does not appear to be complete." *Id.*

In response to Defendant's motion, Plaintiff attached a number of exhibits that attempt to document the responses Plaintiff provided to Defendant. In light of those responses "Plaintiff contends [Defendant's] motion is unnecessary." ECF No. 18, Pl. Resp. Br. at 1. The exhibits appended to Plaintiff's response include all of the information requested by Defendant Besser as well as emails exchanged between plaintiff and defense counsel regarding any outstanding discovery information.

Discovery closed on October 1, 2014. ECF No. 11.

## II.

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## III.

Defendant Besser seeks dismissal of count 3 of Plaintiff's complaint for failing to state a claim upon which relief may be granted. Plaintiff claims that Besser committed the tort of invasion of privacy when its representative, CEO Nancy Montie, emailed the CEOs of other credit unions to inform them that Pawlaczyk was no longer employed with Besser.

The tort of invasion of privacy is well-recognized in Michigan law. *See Doe v. Mills*, 536 N.W.2d 824, 828 (Mich. Ct. App. 1995); *Tobin v. Civil Service Comm.*, 331 N.W.2d 184 (Mich. 1982); *Lewis v. Dayton Hudson Corp.*, 339 N.W.2d 857 (Mich. Ct. App. 1983).

> The tort of invasion of privacy is based on a common-law right to privacy, which is said to protect against four types of invasion of privacy: (1) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity that places the plaintiff in a false light in the public eye; and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness.

*Doe v. Mills*, 536 N.W.2d at 828. Plaintiff specifically alleges that the disclosure of her employment status to other credit union CEOs was a public disclosure of embarrassing private facts about her.

There are three requirements to sustain a claim for public disclosure of private facts: "(1) the disclosure of information, (2) that is highly offensive to a reasonable person, and (3) that is of no legitimate concern to the public." *Doe v. Mills*, 536 N.W.2d at 828. Defendant claims that Pawlaczyk cannot meet the latter two requirements on the basis of Ms. Montie's email. Plaintiff contends that discovery is necessary to decide the claim.

## A.

Plaintiff alleges that Ms. Montie "sent out emails to other CEOs indicating the plaintiff was no longer working for the Besser Credit Union." ECF No. 1, Pl. Compl. at 4. Defendant "admit[s] that an email was sent to organizations of which Defendant is associated to inform them that the Plaintiff was no longer employed and, therefore, no longer represented Defendant." ECF No. 6, Def. Answer at 3. The parties disagree about who received the email communication. Plaintiff alleges that the recipients were the CEOs of other credit unions in the area. Defendant agrees with this assertion but specifically identifies the credit unions as members of the Blue Ox Chapter of the Michigan Credit Union League, an organization of which Defendant Besser is a member.[4] This disagreement is, however, immaterial to the question of whether there was a disclosure of information. What is relevant is that the parties agree there was a disclosure by the defendant to a group of credit union CEOs. That they may or may not compose a professional group with which Plaintiff was associated does not affect the analysis.

But to sustain a claim for public disclosure of private facts Plaintiff must show that the disclosure was to the public. "[A] cause of action for private disclosure of embarrassing facts does not lie if the communication concerning the embarrassing facts is to a single person or a small group of persons." *Morrissey v. Nextel Retail Stores, L.L.C.*, No. 277893, 2009 WL 387750 at *3 (Mich. Ct. App. Feb. 17, 2009) (citations omitted). As the Restatement (Second) of Torts notes, this "form of invasion of the right of privacy . . . depends upon publicity given to the private life of the individual. . . . 'Publicity[]' . . . means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded

---

[4] This information and allegation is contained in the Affidavit of Nancy Montie, attached to Besser's Motion for Judgment as Exhibit A. As noted above, supra n.3, the documents on which a court may rely when deciding a motion on the pleadings are limited. Because the affidavit attached to Besser's motion is not "referred to in the plaintiff's complaint and [not] central to her claim" it will not be considered. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). The allegations regarding the Blue Ox Chapter are provided for the sake of completeness.

as substantially certain to become one of public knowledge." Restatement (Second) of Torts § 652D (1977). Here, "Plaintiff alleges no facts indicating that any alleged disclosures were made to more than a few people." *Morrissey*, 2009 WL 387750 at *3.

Pawlaczyk only asserts that the email in question was sent to a small coterie of credit union CEOs with which Ms. Montie has some sort of professional relationship. No further facts are alleged that indicate "that the communication was 'to *so many persons* that the matter is substantially certain to become public knowledge.'" *Id.* (quoting *Lansing Ass'n of School Administrators v. Lansing School Dist Bd of Ed*, 549 NW2d 15, 21 (Mich. Ct. App. 1996), rev'd in part on other grounds sub nom *Bradley v. Bd of Ed of the Saranac Community Schools*, 565 NW2d 650 (Mich. 1997)) (emphasis in original). The small group of CEOs allegedly contacted is not sufficient to sustain a claim for public disclosure of private facts. Nor does Plaintiff claim that the information will certainly become public knowledge. *See L-S Indus., Inc. v. Matlack*, 641 F. Supp. 2d 680, 686-88 (E.D. Tenn. 2009) (addressing false-light tort but applying Restatement § 652D definition of publicity in holding that an email to three employees of a competitor outlining plaintiff's disloyalty did not amount to 'publicity'); *see also Huston v. Verizon Fed. Network Sys., LLC*, No. 2:07CV00201BES-LRL, 2008 WL 4279418 at *6 (D. Nev. Sept. 17, 2008) (applying the Restatement standard  and holding that "the private facts at issue were communicated at most to a relatively small group of Huston's co-workers and a potential employer. Therefore, his claim for public disclosure of private facts must fail.") But even if the paucity of factual assertions in Pawlaczyk's complaint counsel against dismissing the count for this reason, she still fails to state a claim under the tort's other two requirements.

**B.**

Defendant contests Pawlaczyk's claim that the disclosure of her employment status is highly offensive to a reasonable person. ECF No. 12, Def. Mot. Br. at 4. In discussing the "highly offensive to a reasonable person" standard the Restatement notes:

> The protection afforded to the plaintiff's interest in his privacy must be relative to the customs of the time and place, to the occupation of the plaintiff and to the habits of his neighbors and fellow citizens. Complete privacy does not exist in this world except in a desert, and anyone who is not a hermit must expect and endure the ordinary incidents of the community life of which he is a part. Thus he must expect the more or less casual observation of his neighbors as to what he does, and that his comings and goings and his ordinary daily activities, will be described in the press as a matter of casual interest to others. . . . It is only when the publicity given to him is such that a reasonable person would feel justified in feeling seriously aggrieved by it, that the cause of action arises.

Restatement (Second) of Torts § 652D; Doe v. Mills, 536 N.W.2d at 829 ("In analyzing a claim of invasion of privacy, courts generally have embraced the provisions of the Restatement of Torts describing that tort."). Pawlaczyk asserts nothing in her complaint that can be considered highly embarrassing or offensive to a reasonable person. It may be that having one's employment terminated could rise to the level of highly offensive, but that is not what Pawlaczyk alleges. She alleges only that Ms. Montie emailed "other CEOs indicating the plaintiff was no longer working for the Besser Credit Union." ECF No. 1, Pl. Compl. at 4.

Pawlaczyk's allegation falls short of the standard for offensiveness required by the Restatement. As emphasized in the Restatement, we live in a world where facts about one's employment are readily available to others in the community. By Pawlaczyk's very "comings and goings and . . . ordinary daily activities" friends, neighbors, and other members of the community can deduce that she no longer works for Besser. Restatement (Second) of Torts § 652D. Furthermore, the nature of business operations in the modern economy precludes giving someone a right of action when these matters are revealed. Pawlaczyk claims that "[a]s a direct

- 10 -

and proximate result of said breach of privacy plaintiff . . . [will be] unable to find new employment in her field." ECF No. 1, Pl. Compl. at 4. But Pawlaczyk will likely need to disclose to prospective employers that she no longer works for Besser. At a minimum it can be inferred that her time there will be ending since she is seeking new employment. Ms. Montie's disclosure about Pawlaczyk does no more than disclose that Besser no longer employs Pawlaczyk. It does not disclose the nature of the separation or any reasons behind it.

### C.

Finally, Besser claims that "[w]hether Plaintiff was employed by Besser Credit Union, and therefore was authorized to act on its behalf as its representative is of public concern." ECF No. 12, Def. Mot. Br. at 4. Michigan courts have drawn a distinction between the public and private spheres of a person's life when determining what constitutes a matter of public concern. *See, e.g., Lansing Ass'n of Sch. Adm'rs*, 549 N.W.2d at 21. "[T]he information disclosed must concern the individual's private life. Liability will not be imposed for giving publicity to matters that are already of public record or otherwise open to the public." *Doe v. Mills*, 536 N.W.2d at 829. Pawlaczyk's claim is reducible to the assertion that her employment status is a private matter that is "not expose[d] to the public eye, but ke[pt] entirely to [her]self or at most reveal[ed] only to [her] family or to close personal friends." *Id.* (quoting Restatement (Second) of Torts § 652D, comment b.). We disagree.

As noted above, *supra* § III.B, one's employment is, for better or worse, an eminently public matter. It is revealed to neighbors and community members by one's comings and goings and often revealed willingly to family, friends, and acquaintances. It is the close and intimate knowledge of co-workers. One cannot easily hide his or her employment status, especially when, as Pawlaczyk, he or she hopes to seek new employment in the field. When Pawlaczyk does seek

new employment she will not only be forced to reveal that she no longer works for Besser but will likely need to go further than Ms. Montie's email and explain the nature of that separation. This will very likely be explained to the very people Ms. Montie contacted to inform them that Pawlaczyk no longer was employed with Besser. An individual's employment status is not the sort of public disclosure of embarrassing private facts the tort seeks to protect from revelation. For that reason, Pawlaczyk's claim will be dismissed.

**IV.**

Defendant also claims in its motion for judgment on the pleadings that Pawlaczyk's Michigan Whistleblowers Protection Act, M.C.L. § 15.363, is time-barred, having been filed after the six month statute of limitations ran. ECF No. 12, Def. Mot. Br. at 1. Pawlaczyk, in her response, "agrees that the claim under the Michigan Whistleblowers Protection Act falls beyond the six month statute of limitations." ECF No. 15, Pl. Resp. Br. at 1. The parties concurrence on this issue means the Court need not analyze Defendant's claim. Count 2 of Pawlaczyk's complaint will be dismissed.

**V.**

Lastly, Defendant's motion to compel must be addressed. In the motion, Besser alleges that Pawlaczyk failed to timely provide responses to interrogatories and document requests and any response that was provided was not in suitable form. ECF No. 14. In response, Pawlaczyk includes the documents requested by Besser as well as an email exchange between plaintiff and defense counsel. ECF No. 18. The emails document Pawlaczyk's attempts to comply with all outstanding discovery issues and provide all necessary responses and documents. *Id*. It appears from the response that all requested information was provided before the close of discovery, even if untimely under the Federal Rules of Civil Procedure.

- 12 -

While an ex parte extension was not requested, the cases illustrate that the purpose of Rule 33 is the efficient completion of discovery, not the establishment of unbending procedural strictures. Defendant is correct that Federal Rule of Civil Procedure 33 sets a deadline of 30 days to respond to interrogatories. But that deadline may be extended ex parte by the Court at its discretion. *See, e.g., Equal Employment Opportunity Com'n v. New Enterprise Stone & Lime Co., Inc.*, 74 F.R.D. 628 (W.D. Pa. 1977); *United States v. A.B. Dick Co.*, 7 F.R.D. 442 (N.D. Ohio 1947). Thus, there is flexibility built into the rule that allows courts to achieve the goal of efficient and complete discovery, even if the letter of the rule may have been violated. That flexibility will be employed here.

Next, it is noteworthy that Defendant requests specific relief in its motion to compel. Besser asks that this court "enter an Order requiring Plaintiff: 1. Provide a Response to Defendant's First Request for Production of Documents consistent with the Federal Rules of Civil Procedure and the Local Rules within fourteen (14) days; and 2. Provide Initial Rule 26(a) Disclosures to Defendant within fourteen (14) days." ECF No. 14, Def. Mot. Br. at 2. As previously mentioned, it appears that Defendant has been provided this information. An order will not be entered directing the disclosure of documents already shared between the parties. Because the relief requested by Defendant is unnecessary, the motion will be denied as moot.

**VI.**

Accordingly, it is **ORDERED** that Defendant Besser Credit Union's Motion for Judgment on the Pleadings (ECF No. 12) is **GRANTED**.

It is further **ORDERED** that counts 2 and 3 of Plaintiff Jennifer Pawlaczyk's Complaint (ECF No. 1) are **DISMISSED** with prejudice.

- 13 -

It is further **ORDERED** that Defendant Besser Credit Union's Motion to Compel (ECF No. 14) is **DENIED** as moot.


Dated: October 22, 2014                                    s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 22, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS