UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JENNIFER PAWLACZYK,

        Plaintiff,                            Case No. 14-cv-10983

v.                                                  Honorable Thomas L. Ludington

BESSER CREDIT UNION,

        Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION FOR SUMMARY JUDGMENT, DENYING MOTION FOR SANCTIONS, AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Jennifer Pawlaczyk filed a complaint initiating this case on March 6, 2014. Pl.'s Compl., ECF No. 1. Pawlaczyk included three counts in her complaint against Defendant Besser Credit Union ("Besser"). First, she alleges that Besser's termination of her employment on April 25, 2013 violated Title VII, 42 U.S.C. 2000, *et seq*, because it was retaliation for Plaintiff's opposition to Defendant's allegedly unlawful hiring practices. Pawlaczyk claims that she was fired because she told Besser CEO Nancy Montie that attaching notes to "the applications of new employees to identify these employees by demographics . . . [was] inappropriate and illegal" and because she "opposed Montie's hiring practice of hiring based on gender" when "Montie expressed her interest in a lesser qualified male applicant over a more qualified female applicant." *Id*.

Next, she alleges that Defendant violated the Michigan Whistleblowers Protection Act, MCL § 15.361, when it dismissed Pawlaczyk for her whistleblowing. Plaintiff claims she was

fired in part because she notified auditors about forged signatures uncovered during an audit[1] and in part because she reported, or was about to report, "that Nancy Montie removed an appliance and flowers from repossessed homes owned by the Besser Credit Union." Pl.'s Compl. 3, ECF No. 1. Lastly, she claims Defendant committed the tort of public disclosure of embarrassing private facts when Defendant's CEO emailed other credit union CEOs to inform them that Pawlaczyk was no longer employed by Besser.

## I.

Besser answered the complaint on April 3, 2014. It moved for judgment on the pleadings on July 23, 2014 seeking dismissal of Counts 2 & 3 of Plaintiff's Complaint. ECF No. 12. On December 22, 2014, the Court issued an Opinion and Order granting Defendant's motion and dismissing Counts 2 & 3 of Plaintiff's Complaint. ECF No. 21. Defendant did not move for judgment on Count 1 of Plaintiff's Complaint and the case proceeded to discovery on that count.

### A.

A settlement conference was scheduled for September 30, 2014. ECF No. 11. On that date, neither Plaintiff Pawlaczyk nor her counsel, Richard Meier, appeared for the conference. On October 17, 2014, Defendant filed a motion for sanctions, fees, and costs related to Plaintiff's failure to appear. ECF No. 17. Plaintiff's counsel responded on October 23, 2014 and asserted that he has been unable to attend to his case files for medical reasons and requested to withdraw. ECF No. 22. While Attorney Meier's motion to withdraw was pending, Defendant moved for summary judgment on Count 1 of Plaintiff's Complaint. Def.'s Mot. Summ. J., ECF No. 24.

A hearing was held on Attorney Meier's motion on November 13, 2014. Following the hearing, Mr. Meier was permitted to withdraw and Pawlaczyk was given thirty days to procure

---

[1] Plaintiff does not indicate in her complaint to what documents these signatures were affixed, or how or why the signatures were relevant to the audit.

new counsel or she would be proceeding pro se. ECF No. 26. The thirty day period for Pawlaczyk to find new representation expired on December 24, 2014. The stay imposed on the case was lifted when Plaintiff's time to procure counsel expired. Because Plaintiff was proceeding pro se, the case was referred to Magistrate Judge Patricia T. Morris for the consideration of any and all pretrial matters, save Defendant's amended motion for sanctions, fees, and costs. ECF No. 27.

**B.**

On September 12, 2014, Magistrate Judge Patricia T. Morris issued a report recommending that Defendant's motion for summary judgment be granted and Plaintiff's Complaint be dismissed. Rep. & Rec. 1, ECF No. 34. She found persuasive Defendant's arguments that Plaintiff "has presented no evidence establishing a prima facie discrimination case and, alternatively, that [Defendant] had legitimate reasons for terminating Plaintiff." *Id*.

**II.**

Although the Magistrate Judge's report explicitly stated that the parties to this action may object to and seek review of the recommendation within fourteen days of service of the report, neither Plaintiff nor Defendant filed any objections. The election not to file objections to the Magistrate Judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal.

**III.**

Lastly, Defendant's motion for sanctions, fees, and costs remains outstanding. Defendant sought $1,427.10 in fees and costs associated with the appearance of its representative and counsel at the cancelled settlement conference as well as whatever sanction the Court deemed

appropriate. Def.'s Am. Mot. Sanctions 2-3, ECF No. 20. A hearing on the motion was held on November 13, 2014. At the hearing and upon learning of Plaintiff Counsel's medical issues, Defendant stated that while it was not withdrawing its motion, it was not taking a position as to the absolute propriety of the relief requested. Attorney Meier, Plaintiff Counsel prior to being excused, stated at the motion hearing that he believed it would be unjust to impose sanctions if Defendant succeeded on its motion for summary judgment. He reasoned that the opportunity to settle the case that Defendant lost would be offset by the fact that they achieved dismissal of Plaintiff's case through motion practice.

Defendant was required to appear for a settlement conference which was eventually cancelled due to the non-appearance of Plaintiff and her attorney. In such circumstances, apportionment of fees would usually be appropriate. This case, however, is unique because Defendant shortly after filed a successful motion for summary judgment. Thus, costs would only be appropriate to the extent that Defendant's costs in filing the motion for summary judgment exceeded the cost to them of settling the case had Plaintiff and her attorney appeared. Eliciting the information necessary to make such a comparison would be unhelpful and unnecessarily time consuming considering the outcome of the case. Defendant's motion will be denied.

**IV.**

Accordingly, it is **ORDERED** that the magistrate judge's Report and Recommendation, ECF No. 34, is **ADOPTED**.

It is further **ORDERED** that Defendant Besser's Motion for Summary Judgment, ECF No. 24, is **GRANTED**.

It is further **ORDERED** that Plaintiff Pawlaczyk's Complaint, ECF No. 1, is **DISMISSED with prejudice**.

- 5 -

It is further **ORDERED** that Defendant Besser's Amended Motion for Sanctions, ECF No. 20, is **DENIED**.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: July 10, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 10, 2015.

s/Karri Sandusky<br>Karri Sandusky, Acting Case Manager

---